UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

FILED
APR 0 5 2012

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| JOSEPH E. ESPINOSA, SR. | \* | CIV 12-3009 |
| | \* | CR 07-30079 |
| Petitioner, | \* | |
| | \* | |
| -vs- | \* | OPINION AND ORDER DENYING |
| | \* | MOTION TO VACATE AND |
| UNITED STATES OF AMERICA, | \* | ORDER DENYING |
| | \* | CERTIFICATE OF APPEALABILITY |
| Respondent. | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner was convicted of aggravated sexual abuse and abusive sexual contact. He was sentenced on November 30, 2008, to concurrent terms of 30 years and 20 years custody. He appealed his convictions and sentences and the United States Court of appeals affirmed the aggravated sexual abuse conviction and sentence but reversed the abusive sexual contact conviction and sentence. United States v. Espinosa, 585 F.3d 418 (8th Cir. 2009). Upon remand, this Court entered a judgment of acquittal on the abusive sexual contact charge and an amended judgment sentencing the defendant to 30 years custody on the aggravated sexual abuse charge. Petitioner has filed a motion to vacate, set aside, or correct his conviction and sentence contending that the indictment was defective because the grand jury failed to make a finding that the victim was an Indian.

Petitioner's conviction and sentence became final two years ago. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 28 U.S.C. § 2255:

> A 1-year period of limitation shall apply to a motion under this
> section. The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes
> final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Any motion to vacate pursuant to 28 U.S.C. § 2255 would be untimely unless petitioner can set forth a basis for tolling the one year limitations period.

Petitioner contends that his motion is timely based upon newly discovered evidence, the receipt of a copy of his indictment on March 1, 2012, and the determination that it was untimely. To invoke the statute of limitations savings clause in 28 U.S.C. 2255(f)(4), "petitioner must show the existence of a new fact" and that he "acted with diligence to discover the new fact." Anjulo-Lopez v. United States, 541 F.3d 814, 817 (8th Cir. 2008). The "fact" upon which petitioner relies is that his indictment did not contain an allegation that the victim was an Indian. The fact that the indictment did not allege the victim's status as Indian was known to petitioner more than one year before the deadline for filing his motion to vacate. The indictment was read to him at his initial appearance and was read during the preliminary jury instructions. The elements charged in the indictment were set forth in the Court's final instructions which were read out loud at trial. Petitioner's claim that the lack of the victim's Indian status in the indictment is a new fact is meritless.

Petitioner's motion would, in any event, be denied if it were considered on the merits. Petitioner was convicted of aggravated sexual abuse of a child in violation of 18 U.S.C. §§ 1153, 2241(a)(1), 2241(c), and 2246(2)(A). The Indian status of the victim is irrelevant to a conviction of an Indian committing a major crime in Indian country.

Now, therefore,

**IT IS ORDERED** that the motion to vacate, set aside, or correct sentence is dened.

**TO THE EIGHTH CIRCUIT COURT OF APPEALS:**

**IT IS HEREBY CERTIFIED** that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's motion to vacate, set aside, or correct sentence. No certificate of appealability will be granted. 28 U.S.C. § 2253(c). This in no way hampers the petitioner's ability to request issuance of the certificate by a circuit judge pursuant to Fed. R. App. P. 22.

Dated this 5th day of April, 2012.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
DEPUTY
(SEAL)

3